# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORAL SCHMALLE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PATRICIA PRUDHOMME, as Representative of ESTATE OF GUY PRUDHOMME, et al., <br><br> Defendants. | Case No.: 18-cv-02469 W (MDD) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND [DOC. 5]** |

Defendants removed this action from the San Diego Superior Court on October 26, 2018. (*See Notice of Removal* [Doc. 1-1].) Plaintiffs now move to remand. (*Mot.* [Doc. 5].) Defendants oppose. (*Opp'n* [Doc. 12].) The Court decides the matters on the papers submitted and without oral argument under Civil Local Rule 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Plaintiffs' motion as to Defendant Columbia Property Capital, LLC, and **DENIES** Plaintiffs' motion as to Defendants Patricia Prudhomme, as representative of the estate of Guy Prudhomme, and J6 Developments, LLC.

1

## I. BACKGROUND

Plaintiffs Joral Schmalle, Loren Schmalle, Marla Schmalle, and JLM Funding, LLC, bring various claims, including breach of contract, against Defendants Columbia Property Capital, LLC ("CPC"), Patricia Prudhomme, as the representative of the estate of Guy Prudhomme (the "Estate"), and J6 Developments, LLC ("J6").

Plaintiffs all reside in California. (*Compl.* ¶¶ 3–6.) Defendant CPC is a Virginia limited liability company engaged in real-estate development. (*Compl.* ¶¶ 8, 29–30, 35–37.[1]) Defendant Guy Prudhomme was CPC's chief executive officer, and at the time of his death owned a 100% interest in CPC. (*Id.* at Ex. 12; *Estate's Answer* [Doc. 2] ¶ 22.) Patricia Prudhomme represents the Estate and as of October 2018 was a managing member of J6, which describes itself as a rebrand of CPC. (*Compl.* at Ex. 13.)

The lawsuit arises from loans each of the four plaintiffs made individually to CPC. Between the four plaintiffs, five loans were made to CPC (Joral Schmalle made two loans). (*Compl.* ¶¶ 29, 30, 35–37.) Each loan was executed by signing three documents—two promissory notes and one Personal Guarantee. (*Id.* at Exs. 4–5, 7–9.)

The first promissory note for each transaction (referred to herein as "Promissory Note A") contained the addresses of the borrower and lender, as well as the loan amount, interest rate, and repayment terms. (*See e.g. Compl.* at Ex. 4 pp. 5053–5055.[2])

The second promissory note (referred to as "Promissory Note B") contained the addresses of the borrower and lender, the loan amount, and the legal terms of the loan, but did not include the loan's interest rate or repayment terms. (*See e.g. Compl.* at Ex. 4 pp. 5057–5059.) Instead, each Promissory Note B provided: "Borrower hereby promises to pay principal and interest at the times, at the rates, and in the manner set forth in the

---

[1] The Complaint and Exhibits 1 – 7 are attached to the Notice of Removal as Exhibit A [Doc. 1-2]; Exhibits 8 – 14 of the Complaint are attached to the Notice of Removal as Exhibit B [Doc. 1-3].

[2] Page references for the exhibits attached to the Complaint are to the "SCHMALLE" number.

Schedule attached hereto and made a part hereof." (*See e.g. id.* at Ex. 4 p. 5057.) Each Promissory Note B also contained the following forum-selection clause:

> To the maximum extent permitted by Law, Borrower hereby agrees that all actions or proceedings arising in connection with this indemnity or any course of conduct, course of dealing, statements (whether written or oral) or actions of Lender in respect thereof (whether sounding in tort or contract or otherwise) shall be tried in the Superior Court of California.

(*See e.g. id.* at Ex. 4 p. 5059.)

The Personal Guarantees for each transaction listed Guy Prudhomme as guarantor and stated:

> In the event that Columbia Property Capital, LLC fails to make any payment to [Plaintiff], or fails to perform in any manner with regard to said Agreement between the two entities, the Guarantors [sic] does hereby promise to make all payments to [Plaintiff] in the same manner as if they were the principals of said Agreement.

(*See e.g. Compl.* at Ex. 4 p. 5060.) The document also contained a confessed judgment clause in which the guarantor authorized "any attorney of any court of record of the state of California or elsewhere to appear for and to enter judgment against any of us...." (*Id.*)

Between February 2016 and May 2017, Guy requested and received several extensions on the loans as they became due. (*Compl.* ¶ 39.) On May 21, 2017, Guy was shot and killed by his neighbor over a property dispute. (*Id.* ¶ 42.)

After Guy's death, Plaintiffs made several unsuccessful attempts to secure payment of the loans. (*Compl.* ¶¶ 44–49.) On July 23, 2018, Plaintiffs filed this lawsuit in the San Diego Superior Court asserting causes of action for breach of contract, account stated, and fraud and intentional deceit. Plaintiffs seek to recover principle and interest, along with damages and attorneys' fees.

On September 25, 2018, Plaintiffs obtained Entry of Default against J6. (*Notice of Removal* Ex. B [Doc. 10-3] at 75 of 79.) On October 26, 2018, Defendants removed the action to this Court based on diversity jurisdiction. (*Id.* ¶¶ 6–13.) Plaintiffs now move to remand the case.

## II. LEGAL STANDARDS

### A. Federal-Court Jurisdiction

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." Id. (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations omitted).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.

### B. Forum-Selection Clauses

Forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). When a forum-selection agreement limits the action to state court, the district court must remand the removed action in order to give effect to the parties' agreement. Id. at 12–13.

Forum-selection clauses may be either mandatory or permissive. For a forum-selection clause to be recognized as mandatory, it "must contain language that clearly designates a forum as the exclusive one." N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995). Otherwise, the language is permissive—permitting jurisdiction in a particular forum while not making such jurisdiction mandatory. Id. at 1036.

## III. DISCUSSION

### A. Diversity Jurisdiction Exists.

Defendants removed this case based on diversity jurisdiction. Diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a) (2012).

According to the Complaint, all Plaintiffs reside in California and all named Defendants reside in Washington D.C. or Virginia.[3] (*Compl.* ¶¶ 3–9.) There is also no dispute that the amount in controversy exceeds $75,000. (*Id.* prayer at ¶ 1.) Thus, diversity jurisdiction exists.[4] However, whether the case should be remanded depends on the applicability of the forum-selection clause in the loan documents.

### B. The Loan Documents Are Properly Included in the Motion to Remand.

Defendants raised evidentiary objections to the promissory notes and personal guarantees included and relied upon in Plaintiffs' Motion to Remand. (*Opp'n* 6–9.) Defendants dispute the manner in which the promissory notes were attested to in Attorney Webb's Declaration, attached to the Motion. (*Id.*) The Court finds those objections moot because the promissory notes and personal guarantees were identified in the Complaint and attached as exhibits.

Federal Rule of Civil Procedure 10(c) states that a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Here, Plaintiffs included as exhibits to the Complaint copies of the five promissory notes and personal

---

[3] Plaintiff Joral Schmalle's claim that defendant "Does" destroy diversity is incorrect. (*Reply* [Doc. 14] 2.) "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. 1441(b)(1) (2012).

[4] Plaintiffs also contend that because they all reside in California, diversity-jurisdiction is lacking. (*Mot.* 3.) This bizarre argument flies in the face of well-settled law. (*See Opp'n* 2–4 (citing numerous cases holding that diversity depends on citizenship of adversarial parties).)

5

18-cv-02469 W (MDD)

guarantees at issue in this case. (*Compl.* at Exs. 4–5, 7–9].) Further, Plaintiffs declared in the body of the complaint that each of the attached agreements was a "a true and correct copy" and was "incorporated by reference." (*Id.* ¶¶ 29–30, 35–37.)

Federal Rule of Civil Procedure 10(c) also states that "[a] statement made in a pleading may be adopted by reference . . . in any other pleading or motion." Therefore, the promissory notes which were properly included in the Complaint were also adopted by reference in the Plaintiffs' Motion to Remand. (*Mot.* 2, 4.) For these reasons, the promissory notes and personal guarantees are properly before the Court.

### C. The Forum-Selection Clause is Valid, Mandatory, and Applicable to Defendant Columbia Property Capital, LLC.

#### 1. Promissory Notes Have Not Been Shown to Conflict.

As discussed in the factual background, each of the five transactions at issue in this case consists of three documents: two promissory notes (referred to herein as Promissory Note A and Promissory Note B), and one personal guarantee. (*Compl.* at Exs. 4–5, 7–9.) Promissory Note A contains the addresses of the borrower and lender, and the loan amount, interest rate and repayment terms; and Promissory Note B contains the addresses of the borrower and lender, the loan amount, and the legal terms of the loan including the forum-selection clause. (*Id.* at Ex. 4 pp. 5053–5059; Ex. 5 pp. 5062–5068; Ex. 7 pp. 5069–5075; Ex. 8 pp. 5077–5086; Ex. 9 pp. 5088–5097.) Promissory Note B does not include the interest rate and repayment terms but instead provides: "Borrower hereby promises to pay principal and interest at the times, at the rates, and in the manner set forth in the Schedule attached hereto and made a part hereof." (*Id.* at Ex. 4 p. 5057; Ex. 5 p. 5062; Ex. 7 p. 5073; Ex. 8 p. 5082; Ex. 9 p. 5093.)

Defendants imply that Promissory Notes A and B necessarily conflict because the forum-selection clause is included in Promissory Note B but not Promissory Note A. The Court disagrees. Defendants—who bear the burden of proving the propriety of their removal—have failed to establish that Promissory Note A negates the content of

6

Promissory Note B. Moreover, the two documents appear from their content to be complementary as the terms of neither overlap nor conflict, and the dates printed on each either match or are within one day of the other. Therefore, the Court finds the forum-selection clauses apply to this action.

### 2. The Forum-Selection Clause is Mandatory.

The forum-selection clause contained in each of the promissory notes states: "To the maximum extent permitted by law, Borrower hereby agrees that all actions . . . *shall be tried* in the Superior Court of California." (*Compl.* at Ex. 4 p. 5059; Ex. 5 p. 5064; Ex. 7 p. 5075; Ex. 8 p. 5085; Ex. 9 p. 5096.) Defendants argue the language of the clause is permissive, and therefore does not preclude litigation in federal court. Defendants rely on to two Ninth Circuit cases, neither of which assist them.

In Hunt Wesson Foods, Inc. v. Supreme Oil Co., the forum-selection clause at issue provided: "The courts of California, County of Orange, *shall have jurisdiction* over the parties in any action at law relating to the subject matter or the interpretation of this contract." 817 F.2d 75, 76 (9th Cir. 1987) (emphasis added). The court found that while the clause succeeded in granting the state court *jurisdiction*, there was no language to denote *exclusive jurisdiction*. Id.

In N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., the forum-selection clause at issue provided: "[a] decision of the Board of Adjustment . . . or the decision of a permanent arbitrator *shall be enforceable* by a petition to confirm an arbitration award filed in the Superior Court of the City and County of San Francisco, State of California." 69 F.3d 1034, 1036 (9th Cir. 1995) (emphasis added). The court found that while the decisions were enforceable in the given forum, there was no indication that the forum was the *only* place they were enforceable, i.e. the language was not exclusive. Id. at 1037.

In contrast to the language at issue in Supreme Oil Co. and Pittsburg-Des Moines Steel Co., the forum-selection clauses at issue in this case specify that an action "shall be

tried" in state court. This language is mandatory and cannot be interpreted to allow for the action to be tried in other forums. To demonstrate the point, in order for the language to be permissive it would need to state that the action *shall be triable* in state court. Such language would be permissive and would not restrict the action to state court alone.

Defendants further argue that for the clause to be mandatory it must contain terms such as "exclusive," "sole," or "only." But that language is not required in the present case, where the sentence—given its plain meaning—already conveys the limitation.

### 3. Failure to Specify Venue Does Not Render the Forum-Selection Clause Unenforceable.

Defendants rely on numerous cases to argue that when, as in this case, a forum-selection clause specifies jurisdiction without venue, it should not be enforced. (*Opp'n* 18–21.) Such a rule does not represent a fair reading of the cases. The Ninth Circuit has found that in cases where the plain meaning of the forum- selection clause is permissive, the specification of a mandatory venue conveys the intent of the parties for the selection to be mandatory, and therefore the forum/venue selection clause as a whole will be interpreted as mandatory. See Docksider, Ltd. v. Sea Tech., Ltd., 875 F.2d 762, 763–64 (9th Cir. 1989).

In Docksider, the agreement stated, "Licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia. Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." 875 F.2d 762, 763 (9th Cir. 1989). The first sentence specifying jurisdiction is permissive—although it grants jurisdiction to the state court, there is no indication that jurisdiction is exclusive. The addition of the second sentence specifying venue, however, is mandatory. Under these circumstances, the court reasonably inferred that the parties intended for both jurisdiction and venue to be mandatory and interpreted it as such. See id. at 764.

Unlike the clause granting jurisdiction in Docksider, the forum-selection clause in this case is mandatory standing on its own. No venue-selection clause is required to aid

8

in its interpretation. Nor is the absence of a venue-selection clause able to diminish the fact that jurisdiction is mandatory.

### 4. Applicability of the Forum-Selection Clause to the Defendants.

This case involves three defendants: CPC, the Estate and J6. Each defendant bears a different relationship to the promissory notes containing the forum-selection clause and, therefore, each will be addressed separately.

#### a. CPC (Columbia Property Capital, LLC)

CPC is a party to transaction and to the loan documents containing the forum-selection clause. Accordingly, litigation between Plaintiffs and CPC arising in connection with the loans must be tried in the Superior Court of California.

#### b. The Estate (Patricia Prudhomme as Representative of the Estate of Guy Prudhomme)

Neither Guy nor the Estate were parties to any of the promissory notes that included the forum-selection clause. Additionally, Plaintiffs have failed to articulate any basis for enforcing the forum-selection clause against either Guy or the Estate. For these reasons, the Court finds the forum-selection clauses are not applicable to either Guy or the Estate.

Plaintiffs nevertheless appear to argue that this Court lacks jurisdiction over Guy/the Estate because the agreements are subject to a choice-of-law provision that provides the loans are governed by California law. (*Mot.* 4.) This argument borders on being frivolous. As set forth above, Defendants removed based on diversity jurisdiction, not federal-question jurisdiction. Assuming for the sake of argument that the choice-of-law provision somehow applies to Guy or the Estate, federal courts sitting in diversity are frequently required to apply state law. See e.g. Nguyen v. Barnes & Noble, Inc., 763 F.3d 1171, 1174 (9th Cir. 2014) (citing First Options of Chicago, Inc. v. Kaplan, 514 U.S.

9

938, 944 (1995)) ("In determining whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'"). Thus, the choice-of-law provision does not destroy this Court's diversity jurisdiction or require remand to state court.

### c. J6 (J6 Developments, LLC)

Plaintiffs also fail to explain how J6, who was not a party to the promissory notes, is subject to the forum-selection clauses contained therein. Although, the Complaint alleges J6 is an "alter-ego" of CPC and is therefore subject to successor liability (*Compl.* ¶¶ 11–12, 17–21, 50), Plaintiffs' motion fails to argue that successor liability is a basis for enforcing the forum-selection clause against J6. (*See Pls.' Mot.*; *Pls.' Reply*.) In short, Plaintiffs have failed to establish the forum-selection clauses agreed to by CPC, apply to J6.

## IV. CONCLUSION & ORDER

In light of the foregoing, Plaintiffs' motion to remand is **GRANTED** as to Defendant Columbia Property Capital, LLC and **DENIED** as to Defendants Patricia Prudhomme as representative of the estate of Guy Prudhomme, and J6 Developments, LLC. [Doc. 5.]

**IT IS SO ORDERED.**

Dated: April 22, 2019

Hon. Thomas J. Whelan
United States District Judge